## GONZÁLEZ *v.* ORTIZ.

### APPEAL from the District Court of Ponce.

No. 680.—Decided May 9, 1911.

NULLITY OF CONTRACTS—DEFENSE NOT SET FORTH IN PLEADINGS.—According to the judgment of the Supreme Court of Spain, dated November 26, 1873, and other analogous decisions, the nullity of a contract cannot be set forth as matter of defense when such nullity has not been stated in the pleadings.

DEFENSE NOT ALLEGED BY DEFENDANT.—It is a general rule of procedure that no defense may be set up at the trial of which the complainant has no notice.

DEPOSITUM—RIGHTS OF DEPOSITOR—PRESUMED ILLICIT SOURCE OF MONEY.—When a person receives a sum of money and deposits the same with another, even in the alleged assumption that the source of the money was, as it may have been, an illicit transaction with a third party, the depositor has good title

to said sum of money as to all the world except the party defrauded, and the maxim *in pari delicto potior est conditio defendentis* is not applicable.

ID.—DEPOSITOR'S CAUSE OF ACTION.—When a party deposits a sum of money with another he has a cause of action to recover said sum, notwithstanding the fact that it has been alleged at the trial that such money was obtained by defrauding a third party.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for appellant.

*Mr. Felipe Casalduc* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal taken by Ramón Ortiz Quintana from a judgment of the District Court of Ponce. The respondent, Guillermo Gonzalo González, was awarded a contract by the municipality of Ponce to build part of the road which leads from that city to the ward of Los Pámpanos. A check in partial payment to the amount of $740.28 was turned over to him and payable to his order. For reasons best known to himself he deposited this check with the appellant, Ramón Ortiz Quintana, who asked the respondent to indorse the same, and subsequently obtained the money thereon. When the respondent sought to obtain the amount of such check from the appellant, the latter refused to pay anything, saying that the amount thereof belonged to him, the said Ortiz.

The appellant, in answering the complaint below, set out that respondent owed him $750 as a balance of accounts between them. At the trial it transpired that the appellant and the respondent were secret partners in carrying on the work for which González had obtained the contract. The appellant altogether failed to prove that González was in debt to the amount of $750, or any other sum. At the conclusion of the evidence, however, he asked the court to dismiss the proceedings because he alleged that he, the said Ortiz, was a member of the municipal council and that consequently the contract that González had made with the municipality was tainted with fraud, and that, therefore, he, the said González, had no right to recover from the said appellant. The court overruled the motion on the ground

that this defense had not been set up in the answer of the said Ortiz. The appellant in the court below set up a further defense to the effect that the complainant had mistaken his cause of action in suing for the return of a *depositum,* when his proper cause of action, if any, was for a balance of account. It was also suggested at the trial, rather than clearly proved, that the appellant and the respondent were expecting further contracts with the municipality.

We think the action of the court in refusing to entertain the motion to dismiss was entirely justified, because no question of nullity of a contract can be decided in a case in which it has not been raised by the pleadings. (Judgments of the Supreme Court of Spain, Nov. 26, 1873; July 10, 1885; April 26, 1861, and Feb. 14, 1860.) It is a familiar rule of pleading that no defense may be set up at the trial of which the complainant has no notice. (Hughes on Procedure, vol. 2, p. 768.) The appellant, however, alleges that it was only in the proof that the illicit nature of the contract was developed. The question, however, before the court was not whether the contract made between the municipality and González was or was not illicit, but whether the latter had a right to recover from Ortiz the amount which he had entrusted to him absolutely or in the hope that the municipality would award them further contracts. The alleged illicit contract had been consummated when González turned over the amount to Ortiz, and the question that is involved here is whether Ortiz is under the legal obligation to return the money so deposited with him.

We do not think it necessary to enter into the question of whether any illicit contract was shown, because, as we have indicated, whatever was the source of this money the title that González had to it was good as to all the world except to someone who had a right to avoid the contract; for instance, in this case, the municipality itself. In this case there is no application of the maxim *In pari delicto potior est conditio defendentis,* because there was no fraud

so far as it appears in the act of González depositing the money with Ortiz.

As to the allegation of appellant, that the respondent mistook his cause of action, it is enough to say that the proof was sufficient that respondent did in fact deposit the money with the appellant.

We find no error in the record and the judgment must be affirmed.

*Affirmed.* .

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.